# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of David J. Miller, Respondent.

Appellate Case No. 2025-002532

---

Opinion No. 28327
Submitted April 3, 2026 – Filed April 22, 2026

---

## PUBLIC REPRIMAND

---

Disciplinary Counsel William M. Blitch, Jr. and
Assistant Disciplinary Counsel Susan J. Firimonte, both
of Columbia, for the Office of Disciplinary Counsel.

Peter Demos Protopapas, of Rikard & Protopapas, LLC,
of Columbia, for Respondent.

---

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, Respondent admits misconduct and consents to the imposition of a public reprimand.  We accept the Agreement and publicly reprimand Respondent.

## I.

Respondent was admitted to practice in 2003 and has no prior disciplinary history. The Agreement involves two complaints pending against Respondent.  The facts, as set forth in the Agreement, are as follows.

*Matter A*

In May 2018, Client A retained Respondent to represent her in her divorce case. Although Respondent denies Client A's allegations that he pursued her romantically, he admits that he went to restaurants with Client A and met her after hours at his office on one occasion, at which time they kissed. Numerous text messages between Client A and Respondent indicate a personal, more intimate relationship existed between the two than would be appropriate in the context of an attorney-client relationship, particularly in a divorce matter. Once Client A's estranged husband retained counsel, Respondent limited his communication to Client A to only that which related to the divorce case. Client A ultimately discontinued the representation and sought new counsel. Respondent admits he sent Client A flirtatious texts, but he denies that he engaged in a physical relationship with Client A other than the single kiss.

*Matter B*

Client B retained Respondent to represent her in terminating the parental rights of the father of her child from a previous marriage. During the course of the representation, Client B, who was married, spent time at Respondent's apartment. At his apartment, Client B and Respondent engaged in kissing, cuddling, and other intimate acts short of sexual intercourse. When Client B's husband confronted her regarding her whereabouts, Respondent encouraged Client B to tell her husband that nothing happened between them and to delete all text messages between them from her phone. Respondent admitted that he engaged in inappropriate contact with Client B.

Respondent reported this incident to his supervising attorney at the time and informed the supervising attorney that he expected an ethical complaint to be filed. Upon receiving this information, the supervising attorney submitted a complaint to ODC.

**II.**

Respondent admits that his conduct in Matter A violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.8(m) (prohibiting a lawyer from having sexual relations with a client when such relations could harm or prejudice the client's interests or when such relations might affect the lawyer's representation of the client); and Rule 8.4(a) (prohibiting a violation of the Rules of Professional Conduct). Respondent also admits that his conduct in Matter B

violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.8(m)(prohibiting a lawyer from having sexual relations with a client when such relations could harm or prejudice the client's interests or when such relations might affect the lawyer's representation of the client); and Rule 8.1(a) (prohibiting a lawyer from knowingly making a false statement of material fact in connection with a disciplinary matter). With respect to Matter B, Respondent also admits that his conduct violated the Lawyer's Oath found in Rule 402(h)(3), SCACR.

Respondent also admits he violated Rule 7(a)(1) of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR (providing a violation of the Rules of Professional Conduct is a ground for discipline) as well as Rule 7(a)(6), RLDE, Rule 413, SCACR (providing that violating the Lawyer's Oath is a ground for discipline).

As noted above, Respondent admits misconduct and agrees to the imposition of a public reprimand. Respondent also agrees to pay the investigative and prosecutorial costs in this matter within thirty days of being disciplined. Attached to the Agreement is an affidavit in mitigation in which Respondent accepts responsibility for his misconduct and expresses remorse in exercising poor judgment. Respondent further explains that he was in the early stages of sobriety and was not thinking clearly during these incidents, which occurred approximately five years ago. In addition to the affidavit in mitigation, two character letters were also attached in which the affiants attested to Respondent's character, humility, repentance, and service.

### III.

We find Respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand Respondent. Within thirty days, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct.

**PUBLIC REPRIMAND.**

**KITTREDGE, C.J., FEW, JAMES, HILL and VERDIN, JJ., concur.**